UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEUTSCHE BANK NATIONAL TRUST AS TRUSTEE ON BEHALF OF GSAA HOME EQUITY TRUST 2007-6 ASSET BACKED CERTIFICATES SERIES 2007-6,

    Plaintiff,

    v.

GILBERT HEREDIA, et al.,

    Defendants.
_____/

No. C 12-4405 PJH

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; ORDER GRANTING MOTION TO REMAND**

    Lori Heredia, one of the defendants in the above-entitled action, removed this case from the Superior Court of California, County of Alameda, on August 22, 2012.

    This is an unlawful detainer action brought by Deutsche Bank National Trust Company, as Trustee on behalf of CSAA Home Equity Trust 2007-6 Asset-Backed Certificates Series 2007-6 ("Deutsche Bank"), against Gilbert Heredia and Lori Heredia. The unlawful detainer action was filed following a February 14, 2011 non-judicial foreclosure sale of residential property previously owned by the defendants, located in Livermore, California. On April 20, 2011, Deutsche Bank served defendants with a written notice to vacate the premises.

    The occupants failed to vacate the premises at the end of the three-day period. On May 2, 2011, Deutsche Bank filed the unlawful detainer complaint. Deutsche Bank seeks restitution and possession of the subject property.

    On February 21, 2012, Gilbert Heredia and Lori Heredia filed a notice of removal. The case was removed to this court as case No. 12-0808, and was assigned to Magistrate Judge Nathanael M. Cousins. Deutsche Bank filed a motion to remand, asserting lack of subject matter jurisdiction. On May 11, 2012, Judge Cousins issued an order requesting reassignment to a district judge, and recommending that the case be remanded to the

Alameda County Superior Court for lack of subject matter jurisdiction. The case was reassigned to District Judge William A. Alsup, who issued an order on June 19, 2012 adopting Judge Cousins' report and recommendation, and remanding the case.

On August 22, 2012, defendant Lori Heredia filed another notice of removal of the same unlawful detainer action, and also filed a request for leave to proceed in forma pauperis ("IFP"). Gilbert Heredia did not sign the notice of removal. The case was removed to this court as case No. C-12-4405, and was assigned to Magistrate Judge Donna M. Ryu.

On September 14, 2012, Judge Ryu issued an order requesting reassignment of the case to a district judge, and also recommending that the case be remanded for lack of subject matter jurisdiction. The case was reassigned to the undersigned on September 14, 2012. On September 26, 2012, Deutsche Bank filed a motion to remand and a request for an order declaring defendants to be vexatious litigants.

The court has reviewed Magistrate Judge Donna M. Ryu's report and recommendation that the above-entitled action be remanded to the Superior Court of California for lack of subject matter jurisdiction, and that defendants' request for leave to proceed in forma pauperis ("IFP") be denied. Defendants Gilbert Heredia and Lori Heredia filed no objections to the report within the time allowed under 28 U.S.C. § 636(b). The court finds the report correct, well-reasoned and thorough, and adopts it in every respect with regard to the issue of remand for lack of subject matter jurisdiction.

Accordingly, for the reasons previously stated in Judge Cousins' report and recommendation, which was adopted by Judge Alsup, and also stated in Judge Ryu's report and recommendation, which is adopted by the undersigned, the court finds that the case must be remanded for lack of subject matter jurisdiction. No federal question appears on the face of the complaint. Thus, there is no federal question jurisdiction. See Toumajian v. Frailey, 135 F.3d 648, 853 n.2 (9th Cir. 1998). Jurisdiction may not be based on a claim raised by the defendant as a defense or a counterclaim. See Smith v. Grimm, 534 F.2d 1346, 1350 (9th Cir. 1976).

In addition, to the extent that defendant is attempting to assert diversity jurisdiction, the complaint specifies that the demand is "does not exceed $10,000." Because the property has been sold, the amount in controversy is not, as defendants assert in the notice of removal, the "mortgage valued at $875,132.83 as per Deed of Trust." Thus, the amount-in-controversy requirement is not met. See 28 U.S.C. § 1332(a). Moreover, removal through diversity jurisdiction is not available to defendants that are citizens of the state in which the state action was brought. 28 U.S.C. § 1441(b).

The motion to remand is GRANTED. The court ORDERS that this case be remanded to the Superior Court of California, County of Alameda. Further, the clerk is hereby instructed that no futher notices of removal shall be accepted from Gilbert Heredia and/or Lori Heredia for filing without the approval of the general duty judge.

The IFP request is DENIED.

**IT IS SO ORDERED.**

Dated: October 3, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge